**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WIND RIVER MANAGEMENT CORP** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | 3:17-cv-2674 |
| | § | |
| **FEDERAL INSURANCE COMPANY** | § | |
| **& WALTER HAESSIG** | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANT FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Federal Insurance Company ("FIC") respectfully notifies this Court of removal of the above-entitled action to the United States District Court for the Northern District of Texas, Dallas Division and for the Notice of Removal states:

**I.**
**PROCEDURAL HISTORY**

1.      This action, entitled *Wind River Management Corp v. Federal Insurance Company & Walter Haessig*, pending in the 44th Judicial District Court of Dallas County, Texas, Cause No. DC-17-10938, was commenced against Defendants via the filing of Plaintiff's Original Petition (the "Petition") on or about August 28, 2017.

2.      Defendant FIC was served with the citation and Petition on September 11, 2017. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      Plaintiff alleges causes of action against Defendant FIC for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *See* Petition at 6-8.  Plaintiff alleges causes of action against Defendant Haessig for violations of

the Texas Insurance Code as an individual adjuster. *See id.* Plaintiff claims actual damages, compensatory damages, attorneys' fees, court costs, 18% statutory penalty damages, treble damages, pre-judgment interest, and post-judgment interest. *See id.* at 9-10.

## II.
## CITIZENSHIP OF THE PARTIES

4.      Plaintiff is a for-profit corporation formed in the State of Texas with its principal place of business in Duncanville, Texas.  On information and belief, Plaintiff is and was at the time this action commenced, a citizen of the State of Texas. Defendant FIC is an insurance company organized under the laws of the State of Indiana with its principal place of business in the State of Indiana and New Jersey.  FIC is now, and was at the time this action was commenced, a citizen of New Jersey.  Defendant Walter Haessig has been improperly joined and his citizenship should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly joined parties under 28 U.S.C. § 1332.

## III.
## VENUE AND JURISDICTION

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

6.      The Fifth Circuit issued an opinion instructing district courts to apply federal pleading standards when determining whether a non-diverse defendant has been improperly joined for jurisdictional purposes. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016).  The Fifth Circuit recognizes two ways to establish improper joinder:  (1) actual fraud in the pleading of facts establishing jurisdiction; or (2) lack of a reasonable basis for the district court to predict that the plaintiff might be able to recover

against a non-diverse defendant. *Id.* at 205; *see Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied* 544 U.S. 992 (2005). In determining whether there is a reasonable basis to predict a plaintiff may recover against a non-diverse defendant, the court applies a Rule 12(b)(6)-type analysis to determine if the pleading contains facts sufficient to state a claim on its face. *Int'l Energy*, 818 F.3d at 208. The court may also "pierce the pleadings and conduct a summary inquiry" to determine whether a reasonable basis exists to predict the plaintiff may prevail against the non-diverse defendant. *See Smallwood*, 385 F.3d at 573.

7.      To properly join an adjuster such as Defendant Haessig, "[a plaintiff] must allege that [the adjuster defendant], as an individual, committed the violation that caused the harm." *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *12 (S.D. Tex. Sept. 6, 2012) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004)). This means a plaintiff cannot plead collectively or in a conclusory manner but rather must provide a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999); *see also Cortez v. Meritplan Ins. Co.*, 2013 U.S. Dist. LEXIS 179691, *5-6 (S.D. Tex. Dec. 20, 2013) (holding pleading collectively and in a conclusory manner creates only an insufficient theoretical possibility of recovery).

8.      Plaintiff's lawsuit arises from a first-party insurance claim for "covered losses in the form of wind and/or hail damage." *See* Petition at 2. Plaintiff alleges, albeit in a conclusory and contradictory manner, "ADJUSTER DEFENDANT" Haessig failed to perform a reasonable investigation and failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim. *See id.* at 3-4.

9.      Plaintiff's pleaded facts fail to provide a reasonable basis to conclude Plaintiff has a valid claim against Defendant Haessig. Plaintiff's pleading merely contains vague and conclusory recitations of claims with little to no factual support. *See id.* Because Plaintiff has not pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis to allow this Court to conclude Plaintiff has a valid claim against Defendant Haessig. Given this, the Court should disregard Defendant Haessig's citizenship for purposes of the removal determination.

10.     Further, an individual adjuster such as Defendant Haessig is not liable under the specific statutory provisions underlying Plaintiff's claims. *See Mainali Corp. v. Covington Specialty Ins. Co.*, No. 15-CV-1087, 2015 U.S. Dist. LEXIS 115191, at *15 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (holding an insured could not recover against an adjuster under Texas Insurance Code § 541.060(a)(2)(A), (a)(3) or (a)(7) because those provisions target the behavior of the insurer, not an adjuster).

11.     Additionally, Plaintiff's pleading misstates and/or omits discrete facts that would determine the impropriety of joinder. Contrary to the allegations in Plaintiffs' Original Petition, the adjuster who first investigated Plaintiff's claim was Michael Fairley, not Defendant Haessig. *See* Exhibit B. Mr. Fairley, after investigating Plaintiff's claim for wind and hail damage with the aid of a consultant, advised Plaintiff of FIC's determination that the covered loss did not exceed Plaintiff's deductible. *Id.* After Plaintiff retained a public adjuster, it was again Fairley who re-inspected the loss, reviewed the public adjuster's information, and subsequently sent additional correspondence reaffirming FIC's earlier coverage decision. *Id.* It was not until October 2016, nearly a year after the claim was made, that Defendant Haessig was asked to inspect the loss yet again with Plaintiff's public adjuster because Fairley had relocated out of

state. *Id.* Following that inspection, Defendant Haessig sent correspondence that reiterated FIC's prior coverage decision, spelling out in detail the policy provisions on which FIC relied. *Id.* Despite Plaintiff's conclusory allegations, it is clear that (1) Defendant Haessig had no responsibility to effectuate a prompt, fair and equitable settlement of Plaintiff's claim because FIC's liability was not reasonably clear; (2) Defendant Haessig did not fail to provide a reasonable explanation under the terms of the policy as to why Plaintiff's claim was not being paid by FIC; and (3) Defendant Haessig did not deny Plaintiff's claim without conducting a reasonable investigation. Thus, there is no reasonable basis for predicting that Texas law will impose liability on Haessig or that Plaintiff can establish a cause of action against Haessig in state court. Haessig has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court.

## IV.
## AMOUNT IN CONTROVERSY

12.     Plaintiff seeks monetary relief, "the maximum of which is over $1,000,000." *See* Petition at 2. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because it is "facially apparent" the amount in controversy exceeds $75,000. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## V.
## ATTACHMENTS

13.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1 of the Northern District of Texas, Defendant FIC has attached to this Notice of Removal an appendix containing the required documents. *See* Exhibit A.

## VI.
## NOTICE TO STATE COURT

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 44th District Court of Dallas County, Texas.

## VII.
## JURY DEMAND

15.     Pursuant to Federal Rule of Civil Procedure 38, Defendant FIC demands a trial by jury.

## VIII.
## CONCLUSION

16.     WHEREFORE, PREMISES CONSIDERED, Defendant FIC respectfully gives notice this state court action has been removed and placed on this Court's docket for further proceedings.  FIC further requests any additional relief to which it may be justly entitled.

Respectfully submitted,


/s/ Jennifer G. Martin
**JENNIFER G. MARTIN**
Attorney-in-Charge
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**MICHAEL D. ROSE**
Texas State Bar No. 24035610
Email: michael.rose@wilsonelser.com


**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile


**ATTORNEYS FOR DEFENDANTS FEDERAL INSURANCE COMPANY AND WALTER HAESSIG**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 29th day of September, 2017.


Kevin S. Baker
Kevin@krwlawyers.com
Brennan Kucera
Brennan@krlawyers.com
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Ste. 302
San Anotnio, TX  78232
Telephone:  210.490.7402
Fax:  210.490.8372


/s/Jennifer G. Martin
JENNIFER G. MARTIN