2

Case 3:17-cv-02674-C  Document 1-3  Filed 09/29/17  Page 2 of 14  PageID 19

DALLAS COUN
9/28/2017 2:01
FELICIA PIT
DISTRICT CLE
Nikiya Harris

2 CIT/ ESERVE

CAUSE NO. DC-17-10938

| | | |
|---|---|---|
| WIND RIVER MANAGEMENT CORP § | | IN THE DISTRICT COURT |
| § | | |
| V. § | | _____JUDICIAL DISTRICT |
| § | | |
| FEDERAL INSURANCE COMPANY § | | |
| & WALTER HAESSIG § | | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff WIND RIVER MANAGEMENT CORP., files this Original Petition against FEDERAL INSURANCE COMPANY (the "INSURANCE DEFENDANT"), and WALTER HAESSIG ("ADJUSTER DEFENDANT") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Dallas County, Texas.

Defendant is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, C.T. Corporation System, 1999 Bryan Street, Dallas, Texas 75201, or wherever else it may be found.

ADJUSTER DEFENDANT is a resident and citizen of Texas. He is engaged in the business of insurance due to his role as an insurance adjuster on this claim. He may be served with personal process by serving him at 2001 Bryan Street, Dallas, Texas 75201, or wherever else it may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Dallas County, Texas because all or part of the conduct giving rise to the causes of action were committed in Dallas County, Texas and the Plaintiff and property which is the subject of this suit are located in Dallas County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 4301 Peppertree Lane, Dallas, Texas 75211 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same

pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

INSURANCE DEFENDANT assigned the claim to ADJUSTER DEFENDANT, who was charged with the duty of doing a reasonable investigation before denying or offering a compromise on a claim. However, ADJUSTER DEFENDANT did not follow through on his duties. After the claim was reported, ADJUSTER DEFENDANT began to look into the claim details. He quickly noted that there was wind damage, but because he wrongfully believed the claim was reported as solely a hail claim, he refused to investigate the wind damage that was abundant and evident. When pressed on the issue, he then began to question when the wind actually occurred. Despite him having the duty to investigate when the wind event occurred, and despite being presented with evidence that it happened within days of the hail event (if not on the same day), he still refused to fully adjust the wind damage. He was thereafter presented with evidence of when the wind event occurred. ADJUSTER DEFENDANT still refused to adjust the loss under the loss with Plaintiff and instead indicated that his decision remained unchanged. This was after having all of the information he needed to promptly and fairly effectuate an equitable settlement. He also would not give a basis in the policy as to why these damages were not being paid for and instead being implicitly denied.

Simply put, even though INSURANCE DEFENDANT's liability under the policy was reasonably clear, ADJUSTER DEFENDANT refused to effectuate a prompt, fair, and equitable settlement with the Plaintiff. ADJUSTER DEFENDANT also failed to provide a reasonable explanation under the terms of the policy as to why the wind damages and hail damages were not being paid for.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

Both Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although aware of the liability to Plaintiff under the Policy. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Both Defendants failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, they failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, the DEFENDANTS did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was

reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

**A.     BREACH OF CONTRACT AGAINST INSURANCE DEFENDANT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.     UNFAIR SETTLEMENT PRACTICES AGAINST BOTH DEFENDANTS**

Both Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Both Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Both Defendants failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, they failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, the DEFENDANTS did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

Both Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.   THE PROMPT PAYMENT OF CLAIMS AGAINST INSURANCE DEFENDANT**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by THE DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $1,000,000. The amount of monetary relief actually awarded,

however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the DEFENDANTS, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

BY: /s/Kevin S. Baker
    Kevin S. Baker
    State Bar No. 00797799
    kevin@krwlawyers.com
    Brennan Kucera
    State Bar No. 24076491

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

# CIVIL CASE INFORMATION SHEET
## DC-17-10938

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED Wind River Management Corp v. Federal Insurance Comapny and Walter Haessig
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Contact Info | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Brennan M. Kucera | Email:<br>ruth@krwlawyers.com | Plaintiff(s)/Petitioner(s):<br>Wind River Management Corp | ☒ Attorney for Plaintiff/Petitioner<br>___ *Pro Se* Plaintiff/Petitioner<br>___ Title IV-D Agency<br>___ Other: _____ |
| Address:<br>16500 San Pedro Ave. #302 | Telephone:<br>210-490-4357 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip:<br>San Antonio, Texas 78232 | Fax:<br>210-490-8372 | Defendant(s)/Respondent(s):<br>Federal Insurance Comapny and<br>Walter Haessig | Non-Custodial Parent: |
| Signature:<br>[signature] | State Bar No:<br>24076491 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

#### Civil

| Contract | Injury or Damage | Real Property | 
|---|---|---|
| *Debt/Contract*<br>☒ Consumer/DTPA<br>___ Debt/Contract<br>___ Fraud/Misrepresentation<br>___ Other Debt/Contract:<br><br>*Foreclosure*<br>___ Home Equity—Expedited<br>___ Other Foreclosure<br>___ Franchise<br>___ Insurance<br>___ Landlord/Tenant<br>___ Non-Competition<br>___ Partnership<br>___ Other Contract: | ___ Assault/Battery<br>___ Construction<br>___ Defamation<br>*Malpractice*<br>___ Accounting<br>___ Legal<br>___ Medical<br>___ Other Professional Liability:<br><br>___ Motor Vehicle Accident<br>___ Premises<br>*Product Liability*<br>___ Asbestos/Silica<br>___ Other Product Liability<br>List Product:<br><br>___ Other Injury or Damage: | ___ Eminent Domain/Condemnation<br>___ Partition<br>___ Quiet Title<br>___ Trespass to Try Title<br>___ Other Property: |

| Related to Criminal Matters |
|---|
| ___ Expunction<br>___ Judgment Nisi<br>___ Non-Disclosure<br>___ Seizure/Forfeiture<br>___ Writ of Habeas Corpus—Pre-indictment<br>___ Other: _____ |

#### Family Law

| Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|
| ___ Annulment<br>___ Declare Marriage Void<br>*Divorce*<br>___ With Children<br>___ No Children | ___ Enforcement<br>___ Modification—Custody<br>___ Modification—Other<br>**Title IV-D**<br>___ Enforcement/Modification<br>___ Paternity<br>___ Reciprocals (UIFSA)<br>___ Support Order |

| Other Family Law | Parent-Child Relationship |
|---|---|
| ___ Enforce Foreign Judgment<br>___ Habeas Corpus<br>___ Name Change<br>___ Protective Order<br>___ Removal of Disabilities of Minority<br>___ Other: | ___ Adoption/Adoption with Termination<br>___ Child Protection<br>___ Child Support<br>___ Custody or Visitation<br>___ Gestational Parenting<br>___ Grandparent Access<br>___ Parentage/Paternity<br>___ Termination of Parental Rights<br>___ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ___ Discrimination<br>___ Retaliation<br>___ Termination<br>___ Workers' Compensation<br>___ Other Employment: | ___ Administrative Appeal<br>___ Antitrust/Unfair Competition<br>___ Code Violations<br>___ Foreign Judgment<br>___ Intellectual Property | ___ Lawyer Discipline<br>___ Perpetuate Testimony<br>___ Securities/Stock<br>___ Tortious Interference<br>___ Other: |

#### Probate & Mental Health

| Tax | Probate/Wills/Intestate Administration | Guardianship/Mental Health |
|---|---|---|
| ___ Tax Appraisal<br>___ Tax Delinquency<br>___ Other Tax | ___ Dependent Administration<br>___ Independent Administration<br>___ Other Estate Proceedings | ___ Guardianship—Adult<br>___ Guardianship—Minor<br>___ Mental Health<br>___ Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ___ Appeal from Municipal or Justice Court<br>___ Arbitration-related<br>___ Attachment<br>___ Bill of Review<br>___ Certiorari<br>___ Class Action | ___ Declaratory Judgment<br>___ Garnishment<br>___ Interpleader<br>___ License<br>___ Mandamus<br>___ Post-judgment | ___ Prejudgment Remedy<br>___ Protective Order<br>___ Receiver<br>___ Sequestration<br>___ Temporary Restraining Order/Injunction<br>___ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case):*

___ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
___ Less than $100,000 and non-monetary relief
___ Over $100,000 but not more than $200,000
___ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13