IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WIND RIVER MANAGEMENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL INSURANCE COMPANY, and ) | |
| WALTER HAESSIG, ) | |
| ) | |
| Defendants. ) | Civil Action No. 3:17-CV-2674-C |

## ORDER

On this day the Court considered:

(1) Plaintiff Wind River Management Corp.'s Motion to Remand, filed October 27, 2017; and

(2) Defendant Federal Insurance Company's Brief in Response, filed November 17, 2017.

Having considered the foregoing, the Court is of the opinion that Plaintiff's Motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff, Wind River Management Corp., owns a commercial property in Dallas, Texas, that is covered by an insurance policy issued by Defendant Federal Insurance Company (FIC). After the insured property allegedly suffered wind and/or hail damage, Plaintiff made a claim under the policy. This lawsuit arose after Plaintiff alleged that Defendant FIC and Defendant Walter Haessig (an insurance adjuster) failed to conduct a full, fair, and adequate investigation of the damage and wrongfully denied Plaintiff's claim. Defendant FIC timely removed to this Court

on the basis of diversity jurisdiction, asserting that Haessig was improperly joined and that his Texas citizenship should thus be disregarded. Plaintiff now moves for remand.

## II. STANDARD

The party seeking to remove a case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Any doubts should be strictly construed in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Where charges of improper joinder are used to establish diversity jurisdiction, the removing party has the heavy burden of proving the improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). This can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Mumfrey*, 719 F.3d at 401. To prove an allegation of improper joinder, the defendant must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The existence of even a single valid cause of action against an in-state defendant requires remand. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). All disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the plaintiff. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

The Court need not decide whether the plaintiff will actually, or even probably, prevail on the merits but must look only for a possibility that the plaintiff *may* do so. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). If there is any possibility that a plaintiff may

2

prevail against the non-diverse defendant in state court, then a good faith assertion of such an expectancy is not a sham and is not fraudulent in fact or in law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (internal quotations and citations omitted).

### III. DISCUSSION

The law is now settled in the Fifth Circuit that federal courts evaluating a motion to remand for improper joinder must apply the *federal* 12(b)(6) plausibility standard—rather than the state pleading standard—to determine whether the plaintiff has pleaded a valid claim for relief against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp.*, 818 F.3d 193, 202 (5th Cir. 2016). Accordingly, the Court conducts a 12(b)(6)-style review of Plaintiff's Original Petition to determine whether the claims asserted against Defendant Haessig meet the *Twombly/Iqbal* plausibility standard. *Id.*

Plaintiffs' specific[1] allegations against Haessig in the Original Petition include the following:

> ¶ 13. INSURANCE DEFENDANT [FIC] assigned the claim to ADJUSTER DEFENDANT [Haessig], who was charged with the duty of doing a reasonable investigation before denying or offering a compromise on a claim. However, ADJUSTER DEFENDANT [Haessig] did not follow through on his duties. After the claim was reported, ADJUSTER DEFENDANT [Haessig] began to look into the claim details. He quickly noted that there was wind damage, but because he wrongfully believed the claim was reported as solely a hail claim, he refused to investigate the wind damage that was abundant and evident. When pressed on the issue, he then began to question when the wind actually occurred. Despite him having the duty to investigate when the wind event occurred, and despite being presented with evidence that it happened within days

---

[1] The Court disregards pleadings that are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

> of the hail event (if not on the same day), he still refused to fully adjust the wind damage. He was thereafter presented with evidence of when the wind event occurred. ADJUSTER DEFENDANT [Haessig] still refused to adjust the loss under the loss with Plaintiff and instead indicated that his decision remained unchanged. This was after having all of the information he needed to promptly and fairly effectuate an equitable settlement. He also would not give a basis in the policy as to why these damages were not being paid for and instead being implicitly denied.
>
> ¶ 14. Simply put, even though INSURANCE DEFENDANT's [FIC's] liability under the policy was reasonably clear, ADJUSTER DEFENDANT [Haessig] refused to effectuate a prompt, fair, and equitable settlement with the Plaintiff. ADJUSTER DEFENDANT [Haessig] also failed to provide a reasonable explanation under the terms of the policy as to why the wind damages and hail damages were not being paid for.

Pl.'s Orig. Pet. 3–4.

The Supreme Court of Texas has held that independent bad conduct by an insurance company's employee or agent may give rise to individual liability under Chapter 541 of the Texas Insurance Code because the individual is engaging in the business of insurance and is therefore a "person" under the language of the statute. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); Tex. Ins. Code §§ 541.002–541.003. Accordingly, the United States Court of Appeals for the Fifth Circuit has recognized that an insurance company's employee is not improperly joined when that employee engages in the business of insurance and is subsequently sued in their personal capacity under Chapter 541. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). However, just because Haessig may legally be subjected to individual liability does end the analysis; the Court must still determine whether Plaintiff's pleadings offer a reasonable basis to predict that Plaintiff

4

may recover against Haessig in state court. *Gibson v. Liberty Ins. Corp.*, No. 3:16-CV-3099-B, 2017 WL 3268028, at *9 (N.D. Tex. Jul. 31, 2017) (Boyle, J.).

FIC argues that Plaintiff's pleadings fail to establish any independent liability of Haessig under state law. For an adjuster to be individually liable to an insured, "they have to have committed some act that is prohibited by the [Insurance Code], not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Relying on *Messersmith* and similar cases, FIC first asserts that Haessig cannot be liable for violations of § 541.060 of the Insurance Code as a matter of law. *See id.*; *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.). Additionally, and in the alternative, FIC argues that Plaintiff's specific pleadings against Haessig are not sufficiently plausible under the federal pleading requirements.

The Court disagrees with both arguments and finds that Plaintiff's individual allegations against Haessig are sufficient to plausibly plead a claim under Chapter 541 of the Insurance Code. It is true that there is currently a split of authority within the Fifth Circuit, and even among the judges of this Court, concerning the extent of an individual adjuster's liability under Texas Insurance Code § 541.060. *See, e.g., Arlington Heights Mem'l Post No. 8234 Veterans of Foreign Wars of the U.S., Forth Worth, Tex. v. Convington Specialty Ins. Co.*, No. 3:16-CV-3112-B, 2017 WL 1929124, at *3–4 (N.D. Tex. May 10, 2017) (Boyle, J.) (concluding that an individual adjuster may be liable under § 541.060 and noting the current split of authority on this issue); *Hooper v. Allstate Texas Lloyd's*, No. 4:17-CV-2038, 2017 WL 4475931, at *3 (S.D. Tex. Oct. 6, 2017) (noting the split of authority among federal district courts and commenting that

"[t]he weight of authority favors the courts holding that adjusters may be found individually liable under § 541.060.")[2] But the undersigned is mindful that all ambiguities in the controlling state law must be resolved in favor of the plaintiff and that any doubts regarding jurisdiction must be strictly construed in favor of remand. *Davidson*, 819 F.3d at 765; *Lucien*, 756 F.3d at 793. Given the current split of authority discussed above, the Court is of the opinion that FIC has failed to meet its burden to show that there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against Haessig. *Smallwood*, 385 F.3d at 573. Accordingly, Haessig has not been improperly joined, and (given his Texas residency) federal diversity jurisdiction does not exist. The case must be remanded.

---

[2] *See also Exchange Servs., Inc. v. Seneca Ins. Co.*, No. 3:15-CV-1873-M, 2015 WL 6163383, at *5 (N.D. Tex. Oct. 16, 2015) (Lynn, J.) (finding that a Plaintiff had stated valid claims against an adjuster where a state court petition claimed that an adjuster made numerous errors in estimating the value of a claim designed to intentionally minimize and underpay the loss incurred by a plaintiff; estimated payment far below the repair costs; conducted an incomplete investigation; and failed to provide a reasonable explanation as to why the plaintiff would not be compensated for the value of the covered loss); *New Life Assembly of God v. Church Mut. Ins. Co.*, No. 2:15-CV-051-J, 2015 WL 2234890 at *6–8 (N.D. Tex. May 12, 2015) (Robinson, J.) (concluding that allegations were sufficient to state a claim against adjuster by pleading that the adjuster conducted substandard investigation and inspection of property, prepared report that failed to include all damages noted in inspection, undervalued damages observed in inspection, performed an outcome-oriented investigation that led to biased evaluation, and failed to provide reasonable explanation for denial of claim); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.) (holding that a plaintiff's allegations were sufficient to state a claim against an adjuster where the plaintiff pleaded adjuster failed to provide a reasonable explanation for the insurer's denial of claim, refused to conduct a reasonable investigation, and did not act in good faith).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and the above-styled and -numbered civil action is **REMANDED** to the 44th Judicial District Court of Dallas County, Texas. The Clerk of this Court shall mail a certified copy of this order to the District Clerk of Dallas County, Texas.

Defendant Walter Haessig's Motion to Dismiss is **DENIED AS MOOT**.

SO ORDERED this 13th day of December, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE